# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-13**   (JCN: 2017018320)

**KENNETH DAUGHERTY,**
**Claimant Below, Respondent**

**FILED**
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner The Homer Laughlin China Company ("HLCC") appeals the December 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Kenneth Daugherty filed a response.[1] HLCC did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied authorization for a consultation with a podiatrist, Allison Sellers, DPM.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2017, Mr. Daugherty presented to East Liverpool City Hospital ER. Mr. Daugherty reported that he lifted something heavy at work and hurt his lower back and that the lower back pain radiated down his right leg. The clinical impression was acute lumbar strain. A lumbar spine x-ray was performed on the same day, revealing no acute fracture and mild degenerative changes. Mr. Daugherty signed an Employees' and Physicians' Report of Occupational Injury or Disease form dated January 13, 2017. The physician's portion of the form was not completed. Mr. Daugherty also signed an incident report on the same day.

Mr. Daugherty was seen by John Capito, M.D., on January 23, 2017. Mr. Daugherty complained of low back pain, which radiated down the right leg. Dr. Capito recommended physical therapy ("PT") and indicated that Mr. Daugherty may need a lumbar MRI if he was not better following physical therapy. The claim administrator issued an order dated February 3, 2017, which held the claim compensable for low back strain.

---

[1] HLCC is represented by Evan Kime, Esq. Mr. Daugherty is self-represented.

On April 21, 2017, Mr. Daugherty followed up with Dr. Capito and he reported pain in the left foot and his tailbone. Dr. Capito assessed back pain with secondary foot and left leg pain. Mr. Daugherty returned on May 16, 2017, with continued back pain and left foot pain. Dr. Capito referred Mr. Daugherty to a podiatrist. On July 10, 2017, Dr Capito referred Mr. Daugherty to a pain clinic.

Mr. Daugherty was seen by Allison Sellers, DPM and Jeffrey Wilps, DPM at Valley Foot and Ankle Care on May 19, 2017. Mr. Daugherty reported that he was injured at work in January of the same year when moving a heavy box and felt instant pain in his heel and back. Mr. Daugherty also reported that he had been seen by Mark Fye, M.D., who opined that his foot pain was not caused by the back injury. Dr. Sellers and Dr. Wilps assessed plantar fascial fibromatosis, pain in the left ankle and joints of the left foot, and plantar fasciitis with possible tear. Mr. Daugherty received an injection into the left plantar fascia. Dr. Sellers ordered an MRI.

On June 10, 2017, Mr. Daughtery underwent a left ankle MRI, revealing a contusion versus nondisplaced fracture of the cuboid bone with associated bone marrow edema; associated lateral soft tissue swelling; and acute and chronic plantar fasciitis at the calcaneal insertion. On June 13, 2017, Mr. Daugherty returned for a follow-up and review of the MRI. The MRI revealed a fracture of the left cuboid, and Mr. Daugherty was placed in a below-the-knee walker. Dr. Sellers ordered a bone stimulator. Mr. Daugherty was seen by Dr. Sellers on July 6, 2017, and reported that his plantar fasciitis was much improved, and that PT had helped reduce his pain. Mr. Daugherty also reported that he continued to have pain over the fracture site. Mr. Daugherty was advised to continue home stretching exercises and ambulate with an insert in his cam boot.

Mr. Daugherty followed up with Dr. Sellers again on August 3, 2017. He reported continued improvement with his foot pain, but that he had some increased ankle pain due to immobilization in the cam boot. On August 31, 2017, Dr. Sellers stated that they would try an interspace injection in two weeks if the forefoot pain did not resolve. On September 14, 2017, an injection was given into the first interspace on the left. Dr. Sellers stated that if the pain did not resolve, an MRI would be ordered. On October 2, 2017, Mr. Daugherty reported minimal improvement following the injection and Dr. Sellers ordered an MRI. Dr. Sellers stated that she would refer Mr. Daugherty to a neurologist if the MRI was negative because she could not rule out his back as the origin of the pain.

A left foot MRI was performed on October 7, 2017, revealing no evidence of any fracture or soft tissue edema. It was noted that the heel and ankle were not included on the exam of the foot, and as a result, the plantar fascia was not evaluated. On October 3, 2017, Mr. Daugherty returned to Foot and Ankle Care and was evaluated by Dr. Wilps, who opined that Mr. Daugherty was doing well and did not need treatment at that time. Mr. Daugherty reported that he had generalized pain in the left foot and ankle when walking

long distances. Dr. Wilps further opined that the symptoms were from generalized arthritic problems and that Mr. Daugherty could return as needed for treatment.

A Diagnosis Update form dated October 27, 2017, was signed by Dr. Sellers, and requested the addition of nondisplaced cuboid fracture, neuroma left foot, pain left foot and ankle, and plantar fasciitis compensable conditions in the claim. Victoria Langa, M.D., issued a Record Review report dated December 27, 2017. She discussed the January 13, 2017, injury to Mr. Daugherty's lower back. Dr. Langa also opined that all the treatment Mr. Daugherty received for his left foot from Dr. Sellers was unrelated to the work incident of January 13, 2017. Therefore, she recommended a denial of the request for a referral to a podiatrist.

On April 5, 2019, Dr. Sellers evaluated Mr. Daugherty in a follow-up appointment. Mr. Daugherty reported that he had ankle pain by the end of his workday. Dr. Sellers advised him to continue ambulating in proper shoe gear with orthotics and stretching to prevent recurrent plantar fasciitis. Dr. Sellers opined that Mr. Daugherty was likely suffering from post-traumatic arthritis and he should continue with conservative treatment.

On January 28, 2020, Lawrence G. Karlock, DPM, evaluated Mr. Daugherty. Dr. Karlock opined that Mr. Daugherty's foot pain was directly related to the compensable work injury on January 13, 2017, based upon the mechanism of injury that he described, the MRI findings, and the subsequent reports and medical records from the podiatrists he had seen. Dr. Karlock recommended that Mr. Daugherty's left foot pain and cuboid fracture be added to the workers' compensation claim as a compensable condition. The claim administrator issued an Order dated February 12, 2020, which added the conditions of left foot pain and nondisplaced cuboid fracture of the left foot based upon Dr. Karlock's report.

On October 25, 2022, Mr. Daugherty was seen by Eugene Bonaroti, M.D., for lumbar and left leg pain. Dr. Bonaroti assessed pain in the left foot, left foot injury, and a history of fracture. Dr. Bonaroti opined that Mr. Daugherty may have some element of complex regional pain syndrome with swelling, temperature changes, and color changes. Dr. Bonaroti recommended that Mr. Daugherty follow up with a podiatrist and with pain management.

Kevin Smith, M.D., issued a "Medical Director Staffing report" dated November 21, 2022, addressing Dr. Bonaroti's October 25, 2022, request for a referral to Dr. Sellers, a podiatrist. Dr. Smith noted that nondisplaced fracture cuboid bone of the left foot was added to the claim as a compensable condition on February 12, 2020. Dr. Smith stated that the requested treatment was not supported by the "Official Disability Guidelines" for a nondisplaced fracture cuboid bone of the left foot. Dr. Smith recommended a denial of the requested treatment stating that the date of injury was over five years ago, and he opined that a reasonable period had passed to allow for appropriate treatment of the allowed condition of nondisplaced fracture cuboid bone of the left foot. Dr. Smith opined that Mr.

3

Daugherty was being assessed and treated for the "non-allowed" conditions of left foot and ankle primary arthritis. Dr. Smith opined that the requested treatment should be denied.

On November 22, 2022, the claim administrator issued an order denying authorization for a consultation with a podiatrist, Dr. Sellers. Mr. Daugherty protested this order. Mr. Daugherty underwent a left ankle MRI on April 4, 2023, revealing mild to moderate tendinosis of the Achilles and a Kager fat pad edema.

On December 12, 2023, the Board reversed the claim administrator's order. The Board found that Mr. Daugherty has established that a podiatry consultation is medically related and reasonably required for treatment of the compensable injury. HLCC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HLCC argues that the Board placed undue weight on the opinion of Dr. Bonaroti. HLCC further argues that Mr. Daugherty has suffered another more recent workers' compensation injury affecting his foot. HLCC also argues that Mr. Daugherty's symptoms are otherwise caused by noncompensable conditions. Finally, HLCC argues that the Board overlooked "substantial conflicting evidence" including the opinion of Dr. Sellers. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. See West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

4

Here, the Board noted that Dr. Bonaroti's request for a podiatry consultation was based on the diagnoses of left foot pain and left foot injury with a history of fracture. The Board further noted that the compensable conditions in this claim related to the left foot for the compensable January 13, 2017, injury are left foot pain and nondisplaced fracture cuboid bone of the left foot. Ultimately, the Board found that Mr. Daugherty had established that a podiatry consultation was reasonable and necessary treatment for the compensable injury in the instant claim.

Upon, review we find no merit in HLCC's arguments that Mr. Daugherty should not receive the requested referral because he has suffered another more recent workers' compensation injury and his symptoms are otherwise caused by noncompensable conditions as those arguments are not supported by the evidence of record. We also find no merit in HLCC's argument that the Board overlooked "substantial conflicting evidence" as we find no such conflicting evidence in the record and HLCC failed to adequately identify the alleged conflicting evidence.

Further, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Daugherty has established that a podiatry consultation is medically related and reasonably required for treatment of the compensable injury.

Accordingly, we affirm the Board's December 12, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear